CASE 19—PETITION ORDINARY—OCTOBER 9, 1866.

# Scott, &c., vs. Wilson.

## APPEAL FROM CHRISTIAN CIRCUIT COURT.

A set-off relied on in an answer, which is made a cross-petition against other parties who are not before the court, cannot be taken for confessed against the plaintiff; and the plaintiff is not bound to reply to the set-off until the defendants in the cross-action are brought before the court, or the cross-action is discontinued as to them.

McPHERSON,                                     For Appellants,

CITED—

2 *Story's Equity Juris.*, secs. 1435–6–7.

2 *J. J. Mar.*, 366 ; *Markham vs. Todd.*

4 *Littell*, 197 ; *McKinley vs. Butler.*

CHIEF JUSTICE PETERS DELIVERED THE OPINION OF THE COURT:

This action was brought by Kibbelen on a note for over $700, executed by appellee to Goode, Scott & Fisher, trading under the firm name of Goode & Co., and assigned by them to Scott & Kibbelen ; and after the action was brought, Scott, by rule, was made a co-plaintiff.

Appellee, in his answer, alleged that he had executed two notes to Goode, Scott & Fisher, for the same amounts, and at the time of executing them it was agreed, and in fact he was directed by them, to furnish certain named persons goods and articles in his line, such as they might want, and the amounts furnished them should be credited on said notes; that he had, according to said agreement, let the persons named have goods, &c., to a very considerable amount; and before he had notice of the assign-

ment of the note sued on, for valuable considerations, he had notes executed by the obligees and assignees of appellants, assigned and transferred to him, which he filed, together with the accounts of goods sold, and delivered to the different individuals designated by said obligees to be supplied by him, as parts of his answer, amounting in the aggregate, as he says, to at least one thousand dollars, which accounts and notes he pleads as a set-off against the note sued on, praying that so much of his off-set, as may be sufficient for that purpose, be first applied to discharge of the "*first note*," as he terms it, and which we understand to refer to the note retained by the obligees, and that the residue of his claims should be credited on the note sued on. He made his answer a cross-petition, making Goode, Scott & Fisher defendants thereto, alleging that they were insolvent, and moved the court to transfer the cause to the equity docket, which was done.

Judgment was rendered by the court below at that term against appellee for $455, which is the amount of the note sued on, not controverted by the answer, from which Wilson appealed, and the same has been affirmed at the present term. At a subsequent term a further and final judgment was rendered in favor of appellants for the sum of $———, and from that judgment they have appealed, insisting they are entitled to more than was adjudged to them.

Appellants failed to reply to the answer; and if appellee was himself in a condition to try the case, and a reply was necessary, he might have taken the answer for confessed and obtained a credit for all he claimed; and if that is allowable, appellants are not prejudiced by the judgment. But a part of the notes pleaded by appellee as a set-off were not assigned in writing to him;

the legal title, therefore, to them, was in the obligees, who, according to *section* 31, *Civil Code*, were necessary parties, and were not before the court, and do not seem to have been made parties. Besides, appellee had made his answer a cross-petition against Goode, Scott & Fisher, who were not before the court by service of process, either actual or constructive, and until they were before the court, or the cross-action discontinued as to them, appellants were not bound to reply to the set-off relied on in the answer; and the allegations thereof could not be taken for confessed against them; and unless the answer, without a reply to it, is to be taken as confessed—which cannot in this case be done—the judgment is prejudicial to appellants.

Wherefore, said judgment is reversed, and the cause remanded, with directions that further proceedings be had not inconsistent herewith.